IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,868-01




EX PARTE LANCE ALAN LISTER, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. C-34,391 IN THE 244TH DISTRICT COURT
FROM ECTOR COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was indicted for burglary of a
habitation. He pleaded guilty and was convicted of theft. He later pleaded true to a motion to revoke
community supervision and was sentenced to two years’ imprisonment in a state jail facility. The
Eleventh Court of Appeals affirmed his conviction. Lister v. State, No. 11-09-00251-CR (Tex.
App.–Eastland Jan. 7, 2010) (unpublished). 
            Applicant raises several grounds of review. He contends, inter alia, that his trial counsel
rendered ineffective assistance because counsel did not investigate the facts of the case and allowed
applicant to plead guilty to a state jail felony when the actual value of stolen goods was insufficient
to support a state jail felony charge. The habeas record contains no response from the State and no
findings and conclusions from the trial judge. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant’s trial counsel to respond to Applicant’s claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with any court documents relating to any plea agreements and the trial court’s
supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: December 15, 2010
Do not publish